# EXHIBIT A

8/30/2021 2:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56786371
By: Joshua Hall
Filed: 8/30/2021 2:52 PM

Cause No. _____

| | | |
|---|---|---|
| ADAM GAJEWSKI, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | | |
| V. | § § § | HARRIS COUNTY, TEXAS |
| BP AMERICA PRODUCTION COMPANY, BP EXPLORATION & PRODUCTION INC., and BHP BILLITON PETROLEUM (DEEPWATER), INC. | § § § § § § § | |
| Defendant. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Adam Gajewski files this Petition, and would respectfully show the following:

### ■ DISCOVERY CONTROL PLAN ■

1.1    Mr. Gajewski intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.  TEX. R. CIV. P. 190.3.

### ■ PARTIES ■

2.1    Adam Gajewski is a citizen and resident of the State of Texas.

2.2    Defendant BP AMERICA PRODUCTION COMPANY ("BP America"), is a Delaware corporation, with its headquarters and principal place of business in the State of Texas, and that regularly does business in a systematic and continuous manner in the State of Texas.  It may be served by service upon its registered agent CT CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900 DALLAS, TX 75201.

Certified Document Number: 97623416 - Page 1 of 8

2.3    Defendant BP EXPLORATION & PRODUCTION INC. ("BP Exploration") is a Delaware corporation, with its headquarters and principal place of business in the State of Texas, and that regularly does business in a systematic and continuous manner in the State of Texas. It may be served by service upon its registered agent CT CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900 DALLAS, TX 75201.

2.4    Defendant BHP BILLITON PETROLEUM (DEEPWATER), INC. ("BHP Billiton"), is a Delaware corporation, with its headquarters and principal place of business in the State of Texas, and that regularly does business in a systematic and continuous manner in the State of Texas. It may be served by service upon its registered agent CAPITOL CORPORATE SERVICES, INC. 206 E 9TH ST., SUITE 1300 AUSTIN, TX 78701.

■ **JURISDICTION AND VENUE** ■

3.1    Mr. Gajewski sues for damages in excess of $75,000, and jurisdiction is proper in this Court under the Jones Act (Public Law 109-304 (H.R. 1442), formerly 46 U.S.C. § 688) and general maritime law. This Court has general jurisdiction over Defendants because Defendants are essentially at home in the State of Texas, and have continuous and systematic contacts with the State of Texas. Defendants are also subject to the specific jurisdiction of this court because its contacts with Texas are directly related to the incident from which Mr. Gajewski's claims arise, including Defendants' termination of Mr. Gajewski and their wrongful denial of his maintenance and cure.

3.2    Venue is proper in Harris County under Texas Civil Practices & Remedies Code §

Certified Document Number: 97623416 - Page 2 of 8

15.0181(c)(1) in that Defendants' principal office in this state is located in Harris County, Texas.

3.3     Mr. Gajewski seeks damages within the jurisdictional limits of this Court. At this time, Mr. Gajewski seeks monetary relief in an amount over $1,000,000.00. Mr. Gajewski reserves the right to modify the amount and type of relief sought in the future.

■ **FACTUAL BACKGROUND** ■

4.1     This claim is brought under the "Jones Act" (46 U.S.C. § 688) and the general maritime law of the United States of America. Mr. Gajewski seeks damages due to the negligence of his Jones Act employer, BP America, and the negligence and unseaworthiness of BP Exploration and BHP Billiton's vessel, the Atlantis PQ (the "Vessel"), and crew, directly contributing to serious injuries to Mr. Gajewski. More specifically, in or around October 2020 and April 2021, Defendants failed to provide proper equipment and manpower aboard the vessel to properly and safely complete operations. This includes the following examples of inadequate equipment, inadequate crew, an under-manned crew, and negligent supervision.

- After a shipping spool broke in 2021, BP required that Plaintiff manually uncoil heavy wiring and feed it to the crane by hand. As a result of this unsafe condition, Plaintiff placed unnecessary stress on his back.

- Defendants' vessel was undermanned and, as a result, Defendants overworked Plaintiff in excess of his 12-hour shifts.

- The Atlantis PQ also lacked proper rigging on various pumps and equipment, and because of this defective condition, BP required that Plaintiff manually lift these heavy items.

Certified Document Number: 97623416 - Page 3 of 8

- Because the C-track system aboard the vessel was inadequate and inefficient, Defendants mandated that Plaintiff manually lift and carry buckets of oil up a ladder for the crane.

- Defendants required that Plaintiff transport carts, which weighed over 100lbs, as part of his job duties on the vessel. As part of this task, Plaintiff was required to lift the carts over ramps throughout the platform.

- Due to the age of Plaintiff's co-worker, Plaintiff was forced to take the greater load of lifting for the mechanic position.

As a result of Defendants' negligence, the inadequate equipment, and the inadequate crew, Mr. Gajewski suffered a serious back injury and injured his body generally.

4.2    Mr. Gajewski was employed by Defendants as a mechanic. As part of his job, he was regularly assigned to work in Defendants' fleet of owned and chartered vessels and engaged in vessel operations. BP America operates the Atlantis PQ. BP Exploration and BHP Billiton own the Atlantis PQ.  Accordingly, Defendants were responsible for the dangerous and unseaworthy condition of the vessel, including the inadequate and insufficiently manned, trained, and equipped crew, which was a legal cause of Mr. Gajewski's injuries.  The dangerous and defective condition of the vessel violated applicable laws and regulations of the United States of America for vessels, and accordingly, Defendants are liable for negligence, negligence per se, and unseaworthiness.

4.3    At the time of his injuries, Mr. Gajewski was a Jones Act seaman more or less permanently assigned to the vessels and/or fleet of vessels of Defendants and his work contributed to the ultimate mission of the vessels in Defendants' fleet(s). Mr. Gajewski's would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries.  To the contrary, the occurrence in which Mr.

4

Certified Document Number: 97623416 - Page 4 of 8

Gajewski's was injured was proximately caused by Defendants' negligence.

### ■ FIRST CAUSE OF ACTION—NEGLIGENCE ■

5.1     Paragraphs 1.1 through 4.3 are incorporated by reference as though fully set forth herein.

5.2     Defendants, by and through its employees and officers, were negligent in creating the dangerous conditions that proximately resulted in Mr. Gajewski's injuries and in failing to provide adequate crew and equipment, failing to supervise and train the crew, and in other respects. Under the circumstances presented by Defendants' violation of law, Defendants are also liable for negligence per se.

### ■ SECOND CAUSE OF ACTION—UNSEAWORTHINESS ■

6.1     Paragraphs 1.1 through 5.2 are incorporated by reference as though fully set forth herein.

6.2     The Atlantis PQ was a vessel for which Defendants owed Mr. Gajewski a duty of seaworthiness as a seaman. Defendants breached that duty because the Atlantis PQ was dangerous, not reasonably fit for its intended purposes, not reasonably safe, and unseaworthy. This unseaworthiness included Defendants' failure to provide adequate crew and equipment, failing to supervise and train the crew, and in other respects.

6.3     The unseaworthiness of the Atlantis PQ was a factual and legal cause of Mr. Gajewski's damages.

### ■ THIRD CAUSE OF ACTION— WRONGFUL TERMINATION ■

7.1     Paragraphs 1.1 through 6.3 are incorporated by reference as though fully set forth

Certified Document Number: 97623416 - Page 5 of 8

herein.

7.2     General Maritime Law and the Jones Act prohibit discriminatory misconduct against a worker injured on the job who seeks benefits under the Jones Act. Defendant BP America knew that Mr. Gajewski suffered a compensable injury as on the date of the injury. However, Mr. Gajewski was discharged in violation of the terms and conditions of his employment and retaliated against for reporting his injury and pursuing treatment. This termination amounts to a wrongful discharge and breach of the employment contract.

## ■ FOURTH CAUSE OF ACTION—
## WRONGFUL DENIAL OF MAINTENANCE AND CURE ■

8.1     Paragraphs 1.1 through 7.2 are incorporated by reference as though fully set forth herein.

8.2     Defendants have failed to provide and continue to breach their obligations of timely maintenance and cure payments to Mr. Gajewski.  These denials, despite the plain indications of the necessity of ongoing cure and medical care, can only be described as willful, arbitrary, and capricious.  Accordingly, Plaintiff makes demand for maintenance and cure, attorney fees, and such other consequential damages (including punitive damages for arbitrary and capricious denial) permitted by law for such arbitrary and capricious denial of maintenance and cure.

## ■ DAMAGES ■

9.1     By reason of the incident in question, Mr. Gajewski sustained bodily injuries, and because of the nature and severity of the injuries sustained, he has suffered physical pain and mental anguish, and of reasonable probability will continue to suffer physical pain and mental

Certified Document Number: 97623416 - Page 6 of 8

anguish in the future. At the time of the incident in question, Mr. Gajewski was a healthy, able-bodied workingman who sustained and will continue to suffer as a result of the incident physical impairment and disfigurement.

9.2 These very painful and disabling injuries have caused Mr. Gajewski to sustain a loss of earnings and wage-earning capacity in the past and this condition will exist in the future. Because of the nature and severity of the injuries he has sustained, Mr. Gajewski has required medical treatment in the past, and in reasonable probability he will require other and additional medical treatment in the future. Charges for such medical treatment that have been made in the past and those which of reasonable probability will be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

9.3 Mr. Gajewski would additionally say and show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Mr. Gajewski here and now specifically sues for recovery of pre-judgment interest from the date of the incident made the basis of this suit until the date of the judgment herein, as provided by law and equity, under the applicable provisions of the laws of the State of Texas and the United States of America.

### ■ PRAYER ■

**WHEREFORE, PREMISES CONSIDERED,** Mr. Gajewski prays:

(a) That process in due form of law according to the practice of this Honorable Court issue against Defendants, citing it to appear and answer all and singular the matters aforesaid;

   (b)  The damages provided by law for the injuries sustained by Adam Gajewski

   (c)  Such other and further relief that this Court may deem appropriate.

               Respectfully submitted,

               DOYLE LLP

               */s/ Michael P. Doyle*

               _____
               MICHAEL P. DOYLE
               State Bar No. 06095650
               PATRICK M. DENNIS
               State Bar No. 24045777
               JEFFREY AVERY
               State Bar No. 24085185
               3401 Allen Pkwy, Suite 100
               Houston, Texas 77019
               Phone: (713) 571-1146
               Fax:  (713) 571-1148
               service@doylelawfirm.com
               **ATTORNEYS FOR PLAINTIFF**
               **ADAM GAJEWSKI**



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 20, 2021

Certified Document Number:        97623416 Total Pages:  8

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**